```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MONTANA
                        MISSOULA DIVISION
```
_____

MICHAEL BAPTISTE,
                                        CAUSE NO. CV 06-123-M-JCL
            Plaintiff,
                                        ORDER, and
        vs.                             FINDINGS AND RECOMMENDATION
                                        OF U.S. MAGISTRATE JUDGE
STATE OF MONTANA;
WESTERN MONTANA MENTAL HEALTH;
and COUNTY OF MISSOULA,

            Defendants.
_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff has filed a Complaint together with an Application to Proceed In Forma Pauperis.  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee.

The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

preliminary screening of the allegations set forth in the Complaint.  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (I) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff brings this action for the underlying stated purpose of improving the quality of his life and securing his freedom to live as all other Americans do.  He seeks to have this Court prevent things from being said to him or done to him.

As background information, the Court will take judicial notice of Plaintiff's Complaint filed in this Court under cause number CV 06-122-M-JCL.  *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (allowing judicial notice of pleadings in other cases).  From

that Complaint the Court understands a state court judge subjected Plaintiff to a mental health commitment at the state hospital for a period of 5 years beginning in 1998. He is currently serving an additional period of 5 years of "control" to be exercised over him by Missoula Mental Health beginning in 2003.

Plaintiff filed this action apparently following a hearing in state district court held on August 9, 2006. Plaintiff states he understood the purpose of that hearing was going to be to discuss whether or not he had to continue having injections of medication. However, the topic of his injections was not discussed at the hearing, and instead the hearing was used to establish that Plaintiff is "seriously mentally defective and non functioning."[1]

Plaintiff's Complaint identifies and describes numerous incidents or events about which testimony was presented at the August 9 hearing to demonstrate Plaintiff's brain is defective and malfunctioning.[2] The incidents or events included the following allegations: (1) Plaintiff was creating problems, or causing concern for others in the national forests; (2) a Fish and Game officer said Plaintiff was acting as if he were drugged;

---

[1] Compl. at 3.

[2] *Id*. at 6.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 3

(3) Plaintiff refused to take credit card signature receipts from Wold's Market in Seeley Lake; (4) neighbors said Plaintiff acts strange; (5) Plaintiff inappropriately touched a female clerk at Wold's Market; (6) Plaintiff illegally burned cardboard boxes in his driveway; and (7) Plaintiff illegally passed another car on the highway.  Plaintiff suggests that as a result of these incidents there may be some concern that he is a danger to the community.

For his relief, Plaintiff states as follows:

> I am asking the U.S. Federal Court to stop these things done to me said to me so that I can live a quality American life like all Americans.  That I won't have to hear or know about enactments to psychologically damage the quality of my life or damage my ability to live.[3]

### III.  DISCUSSION

The Court characterizes Plaintiff's Complaint as filed pursuant to 42 U.S.C. § 1983.

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Such characterization is appropriate since Plaintiff names entities allegedly acting under color of state law which are involved in legal proceedings depriving him of his liberty of freedom to live

---

[3]Compl. at 67-68.

a quality life like all other Americans, free from interference from Defendants.

The Court first notes that in contrast to the circumstances of Plaintiff's other Complaint filed in CV 06-122-M-JCL, this action is not necessarily subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Huftile v. Miccio-Fonseca*, 410 F.3d 1136 (9th Cir. 2005) (concluding that § 1983 claims challenging the validity of a civil commitment must be dismissed pending an independent proper legal challenge successfully invalidating the commitment). The Court construes Plaintiff's prayer for relief as a request for prospective injunctive relief. Such relief, if granted, would not necessarily imply the invalidity of Plaintiff's civil commitment and, therefore, this action is not subject to dismissal as otherwise required by *Heck*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Huftile*, 410 F.3d at 1141.

This case is, however, subject to dismissal based on abstention. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger v. Harris*, 401 U.S. 37, 45 (1971). "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts."

*Dubinka v. Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*, at 40-41). When applicable, *Younger* abstention requires dismissal of the federal action, not a stay. *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

The federal courts may raise the issue of *Younger* abstention *sua sponte*. *Martinez*, at 781 n.3 (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)). *See also The San Remo Hotel*, 145 F.3d at 1103 n.5.

The Ninth Circuit has stated that Younger abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Stated another way,

> [i]f a state-initiated proceeding is ongoing, and *if* it implicates important state interests [...], and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 6

> court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves.

*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

As stated above, Plaintiff advises he is currently committed to some sort of state custody pursuant to a civil commitment. As pled in this action, there currently are ongoing state proceedings which implicate important state interests in treating the mentally ill. *See* Mont. Code Ann. § 53-21-101 et seq. Through those proceedings Plaintiff is provided procedural rights to be heard "in any proceeding concerning the person", and has a right to appeal any order to the Montana Supreme Court. Mont. Code Ann. §§ 53-21-115 and 131. Plaintiff also advises he is represented by an attorney.[4] Therefore, the Court finds Plaintiff has an adequate opportunity to present all of his issues, including any potential federal questions, in the state court proceedings.

Finally, the Court finds any relief granted as Plaintiff requests would enjoin, or would have the practical effect of enjoining the state court proceedings. Plaintiff essentially seeks to prevent any further testimony against him in his state court civil commitment proceedings. Such relief would improperly

---

[4]Compl. at 5.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 7

interfere with such proceedings in violation of the *Younger* abstention doctrine, and this action should be dismissed.

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this __29th__ day of August, 2006.

                                  /s/ Jeremiah C. Lynch
                                  Jeremiah C. Lynch
                                  United States Magistrate Judge